CLERK'S ... DIST. COURT
... VA
AUG 28 2006
JOHN ... CORCORAN, CLERK
BY: /s/ ... 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 7:06po251 |
| CHRISTOPHER R. WILSON,<br>　　Defendant. | )<br>) By: Hon. Michael F. Urbanski<br>) 　　United States Magistrate Judge |

### MEMORANDUM OPINION

This matter is before the court following the trial of defendant Christopher R. Wilson ("Wilson") for three violations arising on the Blue Ridge Parkway ("Parkway"). The criminal complaint charged defendant with three violations of the Code of Federal Regulations: two violations of 36 C.F.R. § 4.23 concerning driving under the influence ("DUI"), a charge of unsafe operation of a vehicle under 36 C.F.R. § 4.22(b)(1), and a reckless driving charge under 36 C.F.R. § 4.2(b), incorporating Va. Code Ann.§ 46.2-852.

The trial of this case was held on August 17, 2006. At the close of the government's evidence, defendant moved for a judgment of acquittal, based on the failure of the United States to prove that the alleged offenses occurred within the Western District of Virginia. The court dismissed both the unsafe operation charge, 36 C.F.R. § 4.22(b)(1), and the reckless driving charge, 36 C.F.R. § 4.2(b), as there was no evidence apart from the mere happening of an accident to suggest reckless driving or unsafe operation of a vehicle. See Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970) ("The mere happening of an accident does not give rise to an inference of reckless driving."). The court took defendant's remaining DUI charges, violations of 36 C.F.R. §§ 4.23(a)(1), (2), under advisement to issue a written ruling addressing defendant's argument that the government failed to prove the offenses

occurred within the Western District of Virginia. The parties were given ten (10) days to further brief the issue. Defendant submitted a brief on August 25, 2006.

The limited issue before the court is, therefore, whether the government has established that the events in question took place within the boundaries of the Western District of Virginia. The court finds that the United States has met its burden of proof in this regard. Accordingly, for the reasons set forth in this Memorandum Opinion and for those reasons stated on the record in open court, the undersigned finds the defendant guilty of violating 36 C.F.R. § 4.23(a)(2). A hearing will be set for sentencing.

I

Ranger Parr testified at trial that he was summonsed from his home to respond to a motor vehicle accident at milepost 110 on the Blue Ridge Parkway at approximately 1:30 a.m. on May 7, 2006. When he arrived on the scene, he observed a single vehicular crash, which defendant asserted occurred as a result of his attempt to avoid hitting a deer. The Ranger spoke to the defendant and observed his glassy eyes and an odor of alcohol about his person. Ranger Parr testified that when he asked Wilson if he had been drinking, defendant became loud and argumentative. Ranger Parr stated that defendant reported he had been driving back from a "Party in the Park" in Lynchburg, where he stopped drinking "hours ago," and that he was the designated driver for the evening. Ranger Parr then administered field sobriety tests to Wilson in a manner consistent with the Ranger's training and experience. Ranger Parr noted that during the walk and turn test, Wilson began the test before being instructed to do so, he used his arms for balance, he took eight steps instead of the nine he was instructed to take, and he performed an incorrect turn. During the one leg stand test, Wilson again used his arms for balance. Based on

2

Wilson's glassy eyes and odor of alcohol, as well as his performance on the field sobriety tests and the results of the preliminary breath test, Ranger Parr placed the defendant under arrest for driving under the influence.

The results of the Intoxilyzer 5000 breath test, which registered Wilson's blood alcohol level at .08 grams of alcohol per 210 liters of breath, were documented in a certificate submitted into evidence at trial. Additionally, the government moved into evidence a list of questions asked by Ranger Parr and answered by the defendant on the night in question. The answers to these questions indicate defendant began drinking around 8:00 p.m., and that he ceased drinking between 9:00 and 9:30 p.m., roughly four to four and one-half hours prior to Ranger Parr's arrival on the scene. Defendant stated he had only three beers that evening, and that he had not had anything to drink since the time of the accident. Wilson acknowledged his belief that alcohol impaired his ability to drive.

The United States' evidence revealed that this incident occurred at milepost 110 on the Blue Ridge Parkway. Defendant argues that the government did not establish that milepost 110 falls within the Western District of Virginia, and thus did not prove that the court had jurisdiction over this matter.

## II

Rule 18 of the Federal Rules of Criminal Procedure mandates that a crime be tried in a district where the offense was committed.[1] Proof of jurisdiction and venue are essential elements

---

[1] In his brief, defendant cites footnote 17 to 18 U.S.C.S. § 3231 as controlling authority in this case. Footnote 17 states "[t]erritorial jurisdiction of Federal District Court in criminal cases depends on some part of criminal activity having occurred within its territory." 18 U.S.C.S. § 3231 (citing United States v. Luton, 486 F.2d 1021 (5th Cir. 1973)). While this is indeed true, the issue in this case is whether the United States met its burden of proving territorial

3

of any crime in the sense that the burden is on the government to prove their existence. United States v. Barnes, 681 F.2d 717, 722 (11th Cir. 1982); see also United States v. Benson, 495 F.2d 475, 481 (11th Cir. 1974) ("It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefor."). The government bears the burden of proving venue by a preponderance of the evidence. United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000). The absence of direct proof of venue will not, however, defeat conviction where inferences of venue may be properly drawn from circumstantial evidence. Weaver v. United States, 298 F.2d 496, 498 (5th Cir. 1962).

Rule 201 of the Federal Rules of Evidence governs when courts may take judicial notice of adjudicative facts. The rule provides that a judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Fifth Circuit in Weaver noted "courts take judicial notice of the boundaries of a nation, of the location of states and territories, the location of the boundaries of the state in which the court is sitting, of counties, districts and townships." Id. at 499; see, e.g., United States v. Scott, No. 05-5100, 2006 U.S. App. LEXIS 16899, at *3 (4th Cir. July 6, 2006) (taking judicial notice that Fort Lee is property administered by the Department of Defense within the special territorial jurisdiction of the United States and the Eastern District of Virginia); United States v. Conner, 153 Fed. Appx. 600, 603-04 (11th Cir. 2005) (upholding the trial court's decision to take judicial notice of the fact

---

jurisdiction. As outlined below, the Federal Rules of Evidence permit the court to take judicial notice of the location of the milepost at issue, thereby establishing territorial jurisdiction in this case.

4

that Winder, Georgia, where the alleged offenses were committed, is located in the Northern District of Georgia); United States v. Lavender, 602 F.2d 639, 641 (4th Cir. 1979) (taking judicial notice that the Blue Ridge Parkway is within federal jurisdiction); United States v. Hughes, 542 F.2d 246, 248 n.1 (5th Cir. 1976) ("[T]he court could have taken judicial notice of the fact that certain named streets and intersections are located on the federal enclave.").

In this case, the Federal Rules of Evidence allow the court to take judicial notice of the fact that milepost 110 of the Blue Ridge Parkway lies within the Western District of Virginia, and is therefore within the territorial jurisdiction of this court. The court is well familiar with the location of milepost 110, both from personal knowledge, as well as from testimony in prior cases involving the Blue Ridge Parkway. Furthermore, the fact that milepost 110 lies within the Western District of Virginia is a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A map would clearly show that milepost 110 of the Parkway is located is within the territorial jurisdiction of this court.

The undersigned takes judicial notice of the fact that milepost 110 of the Blue Ridge Parkway lies in the Western District of Virginia. Therefore, the government has proven by a preponderance of the evidence that the incident at issue in this case occurred in the Western District of Virginia, because evidence established that the accident occurred at milepost 110 of the Blue Ridge Parkway. See Lavender, 602 F.2d at 641 (overruling defendant's argument that proof that the offense occurred on the Blue Ridge Parkway was inadequate to establish the offense happened within the territorial jurisdiction of the United States). For these reasons and those stated on the record in open court, the undersigned denies defendant's motion for judgment

5

of acquittal and finds the government has met its burden of proof of establishing a violation of driving under the influence, 36 C.F.R. § 4.23(a)(2).

### III

Given these findings, the court finds defendant guilty of violating the federal regulation regarding driving under the influence on the Blue Ridge Parkway in violation of 36 C.F.R. § 4.23(a)(2). Inasmuch as the court finds the defendant guilty of violating 36 C.F.R. § 4.23(a)(2), the additional charge under 36 C.F.R. § 4.23(a)(1) is dismissed.

The Clerk is directed to serve a copy of this opinion to all counsel of record and schedule a sentencing hearing.

By Order entered into this 28th day of August, 2006.

Michael F. Urbanski
United States Magistrate Judge